UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Latrice Richards<br>8011 South Throop<br>Chicago, IL 60620<br><br>    Plaintiff,<br><br>v.<br><br>Niagara Credit Solutions, Inc<br>c/o CT Corporation System, Registered Agent<br>208 S LaSalle St, Suite 814<br>Chicago, IL 60604<br><br>    Defendant. | Case No.:     FILED: MAY 20, 2009<br>                       09CV3063<br>                       JUDGE MANNING<br>                       MAGISTRATE JUDGE MASON<br>Judge:          BR<br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around February 5, 2009, Defendant sent a facsimile transmittal to Marsha Beasley ("Beasley") in the human resources department at Plaintiff's place of employment.

1

8. This facsimile requested that Beasley provide Defendant with information other than Plaintiff's location information.

9. This facsimile disclosed the name of Defendant's company.

10. On or around February 10, 2009, Defendant telephoned Plaintiff's place of employment and spoke to Beasley.

11. During this communication, Defendant disclosed to Beasley that Plaintiff owed a debt.

12. During this communication, Defendant falsely represented that Defendant was prepared to garnish Plaintiff's wages.

13. On or around February 11, 2009, Defendant telephoned Plaintiff.

14. During this communication, Defendant threatened to place a lien on Plaintiff's house if Plaintiff did not pay the debt.

15. During this communication, Defendant threatened to seize Plaintiff's tax return if Plaintiff did not pay the debt.

16. At the time of these communications, Defendant had neither the intention nor ability to garnish Plaintiff's wages.

17. At the time of these communications, Defendant had neither the intention nor ability to place a lien on Plaintiff's house.

18. At the time of these communications, Defendant had neither the intention nor ability to seize Plaintiff's tax return.

19. In or around February 2009, Defendant telephoned Plaintiff and left a message.

20. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and abusive manner.

21. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

38. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.
Attorneys for Plaintiff

By: <u>s/Timothy J. Sostrin</u>
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com